WILLIAM JOSEPH MOYERS, JR., BOP )
Reg. No. 31567-074, )
                                 )
           Plaintiff, )
                                 )
vs.                              )
                                 )
JAMES L. BERRONG, Sheriff, Blount )
County, Tennessee, in his individ-)
ual and official capacities; DAN )
NEUBERT, JR., Captain, Blount )
County Detention Center, in his )
official and individual capacities;)
THOMAS SHUDAN, jailer (guard), )
Blount County Detention Center, in)
his individual and official )
capacities; SAMUEL TACKETT, jailer )
(guard), Blount County Detention )
Center, in his individual and )
official capacities; JOSHUA )
SULLIVAN, jailer (guard), Blount )
County Detention Center, in his )
individual and official capacities;)
AARON CARROLL, jailer (guard), )
Blount County Detention Center, in)
his official and individual capaci-)
ties; DAVID BALLARD, JR., TONYA )
BURCHFIELD, GARY FARMER, RON )
FRENCH, DAVID GRAHAM, STEVE HARGIS)
BRAD HARRISON, MARK HASTY, SCOTT )
HELTON, JOHN KEEBLE, GERALD KIRBY,)
HOLDEN LAIL, MIKE LEWIS, JOE Mc-)
CULLEY, KENNETH MELTON, MONIKA )
MURRELL, BOB PROFITT, ROBERT L. )
RAMSEY, WENDY PITTS REEVES, STEVE )
SAMPLES and MIKE WALKER, Blount )
County Commission, in their indi-)
vidual and official capacities as )
Blount  Commissioners, )
                                 )
           Defendants. )

DEMAND FOR A JURY TRIAL
(Rule 38, F.R.Cv.P.)

No.   3:07-CV-393
     (VARLAN/GUYTON)

---

## AMENDED COMPLAINT - CIVIL RIGHTS VIOLATIONS

---

COMES NOW the Plaintiff, WILLIAM JOSEPH MOYERS, JR., BOP Reg.
No. 31567-074, pro se, as his own attorney on behalf of himself sui
juris, and for his amended complaint alleges the following:

I. INTRODUCTION

1. This is a pro se civil rights action instituted under 42 U.S.C.
§1983 and 28 U.S.C. §1367 to redress the deprivation, under color of
state law, of rights, privileges, and immunities secured by the Fifth,
Eighth and Fourteenth Amendments to the Constitution of the United
States of America.

2. Additionally, it is also a civil complaint that makes charges
of the violation of Tennessee state law that, as the factual allega-
tions alleged herein will reveal, have a reasonable nexus with the
federal civil rights violations charged elsewhere in the complaint.

3. Specifically, Plaintiff charges that, while he was confined/
detained at the Blount County Detention Center, in Maryville, Tennessee,
as a federal prisoner awaiting transfer to the custody of the Federal
Bureau of Prisons, Blount County Detention Center jailers (guards)
assaulted him physically and caused him to suffer significant physical
injuries and damages; that the assault was the result of excessive
use of force by said jailers; and, that he (Plaintiff) was denied mean-
ingful medical treatment following the assault and excessive use of
force by said jailers.

4. Further, Plaintiff charges that, by virtue of the assault
visited upon him by jailers at the Blount County Detention Center, he
was subjected to excessive and dehabilitating mental and emotional
stress, anxiety, fear, aggitation, trauma, apprehension, foreboding,

-2-

tension, distress, neurosis, worry, and quaver.

5. After the assault, aforesaid, Plaintiff was subjected to excessive amounts of degrading, dehumanizing, insulting, demeaning, debasing, disgraceful, and perverted verbal assaults by the jailer defendants so that he felt threatened, debased, shameful, timid, in fear of his life and his sanity, and demoted to a status less than human.

6. For his complaint the Plaintiff seeks declaratory and injunctive relief and, he seeks monetary damages sufficient to compensate him for the injuries he sustained at the hands of the defendant jailers at the Blount County Detention Center and/or by virtue of the policies, regulations, lack of oversight, or other devices which authorized and/or sanctioned and/or allowed said defendants to engage in said activities under color of state law or on pretense thereof.

7. For his complaint, Plaintiff also seeks declaratory and injunctive relief and, he seeks monetary damages sufficient to compensate him for the injuries he sustained as a result of the verbal assaults of the defendant jailers at the Blount County Detention Center.

8. Under Tennessee state law, Plaintiff alleges that the assaultive acts of the jailers at the Blount County Detention Center, and the use of excessive force employed by them, which make up the federal charges made in this complaint, constitute compensable injuries for assault, unlawful detention, and unlawful trespass. He contends that this Court may decide the state law claims because said claims have a recognizable and/or reasonably related nexus with the federal claims so that supplemental jurisdiction allows for the determination of the claims

-3-

in the same forum.

9. Further, Plaintiff makes a claim that the Sheriff of Blount
County, Tennessee, and the Blount County Commission — the members of
whom are named individually in this complaint — are responsible for
the assault carried out (physically and verbally), and/or committed
upon the person of the Plaintiff by employees of the Blount County
Detention Center by virtue of the fact that said Sheriff and Blount
County Commission have been noticed, on several occasions, to the
abusive treatment of prisoners by employees at the Blount County
Detention Center and, having power and authority to stop said abuses,
have undertaken no action, implemented no reasonable standards for
oversight and prevention of such abuses, and have failed to oversee
the jail so that no positive ocrrective actions have been undertaken
against the miscreants responsible for said abuses and said abuses
continue to be perpetrated upon inmates at the Blount County Detention
Center by employees thereof that are unnecessary and/or unwarranted
on any pretense whatsoever. These respondent superiors are liable
in their individual and official capacities respectively.

10. Additionally, Plaintiff alleges that the violation of his
constitutionally secured rights was the result of the implementation
of a custom, practice, policy, or official act by employees at the
Blount County Detention Center that authorizes the kind of abuse and
abuses charged in this complaint. The violations also result from a
failure to properly train employees assigned to the Blount County
Detention Center by the Sheriff and the County Commission and/or from
a lack of adequate supervision over said detention center by the

-4-

Sheriff and/or Blount County Commission.

11. Plaintiff has suffered humiliation and emotional distress as a consequence of being subjected to both the physical and verbal assaults charged in this complaint.

12. Plaintiff did nothing to provoke the physical and/or verbal assaults charged in this complaint.

II. **PARTIES**

13. **WILLIAM JOSEPH MOYERS, JR.** (Plaintiff herein) is a citizen of the United States and of the sovereign State of Tennessee. As such, he is entitled to the protections of the **Constitution of the United States of America,** to the rights privileges and immunities secured therein, and, but for those rights which are necessarily implicated by his prisoner status, to those rights, privileges and immunities afforded individuals confined or imprisoned as a matter of law. At all times pertinent to this complaint the Plaintiff was an inmate at the Blount County Detention Center at Maryville, Tennessee. Currently, he resides at the Federal Correctional Institution at Memphis, Tennessee, located at 1101 John A. Denie Road, Memphis, Tennessee.

14. Defendant, **JAMES L. BERRONG,** is the duly elected Sheriff of Blount County, Tennessee. As such he is legally responsible for the operation, management, administration, and oversight and supervision of employees of the Blount County Detention Center. By virtue of the law of the State of Tennessee, Defendant BERRONG is responsible for acts and/or omissions of employees of the Blount County Sheriff's Department (Office) for injuries occurring from the performance of

-5-

duties assigned to them and/or for acts and/or omissions carried out by them on pretense of authority afforded them by virtue of their employment under the Sheriff of Blount County Tennessee. Defendant **BERRONG** is being sued in his individual and official capacities. He maintains an office at 940 E. Lamar Alexander Parkway, Maryville, Tennessee 37804. Additionally, the Sheriff has a duty and responsibility to ensure that his staff of officers, assigned to the Blount County Detention Center, promote and uphold the principles found in the **Constitution** and laws of the United States and of the State of Tennessee; Respect for the value and dignity of every human being is essential in these endeavors.

15. Defendant, **DAN NEUBERT, JR.**, is the duly appointed Captain at the Blount County Detention Center located in Maryville, Tennessee. As such, he is legally responsible for the day-by-day operation, management and administration of the Blount County Detention Center under the direction and supervision of the Sheriff of Blount County, Tennessee. Moreover, he is legally responsible for the direct supervision of the jailers (guards) employed at the Blount County Detention Center and for ensuring that inmates confined at the Blount County Detention Center are treated humanely, with dignity, fairly, and as required by the laws and **Constitutions** of the United States and of the State of Tennessee. Additionally, he is responsible for overseeing the Blount County Detention Center and for ensuring that officers assigned to said center are properly trained and carry out their duties and tasks according to the **Constitutions** and laws of the United States and of the State of Tennessee. He is being sued in his individual

-6-

and official capacities. He maintains an office at 940 E. Lamar
Alexander Parkway, Maryville, Tennessee 37804.

16. Defendant, THOMAS SHUDAN, is a duly assigned jailer (guard)
at the Blount County Dentention Center located in Maryville, Tennessee.
As such, he is legally responsible for carrying out security duties
at the Blount County Detention Center; he is under the direct super-
vision of defendant Captain NEUBERT and the indirect supervision of
defendant Sheriff BERRONG. Additionally, defendant SHUDAN is legally
responsible that his duties be carried out consistent with and in
compliance with the requirements of the Constitutions and laws of the
United States and of the State of Tennessee, and he is legally respon-
sible that his acts in the performance of his duties do not encroach
on the protected and secured rights of those individuals confined to
the Blount County Detention to whom he has supervision over. He is
also responsible for carrying out his duties consistent with his
training and in treating others with dignity and humane respect. He
is being sued individually and officially and he maintains an office
at 940 E. Lamar Alexander Parkway, Maryville, Tennessee 37804.  At
all times pertinent to this complaint, defendant SHUDAN caused the
plaintiff to suffer physical and mental injury by virtue of his failure
to fulfill his duties and responsibilities and but virtue of the use
of unlawful and unnecssary excessive force upon the person of the
Plaintiff.

17. Defendant, SAMUEL TACKETT, is a duly assigned jailer (guard)
at the Blount County Detention Center located at Maryville, Tennessee.
As such, he is legally responsible for carrying out security duties

-7-

at the Blount County Detention Center; he is under the direct super-
vision of defendant Captain NEUBERT and the indirect supervision of
defendant Sheriff BERRONG. Additionally, defendant TACKETT is
legally responsible that his duties be carried out consistent with
and in compliance with the requirements of the Constitutions and laws
of the United States and of the State of Tennessee, and he is legally
responsible that his acts in the performance of his duties do not
encroach on the protected and secured rights of those individuals
confined to the Blount County Detention Center to whom he has supervision
over. He is also legally responsible that the officers who work beside
him within the Blount County Detention Center carry out their duties
consistent with the laws and Constitutions of the United States and
of the State of Tennessee, and that whenever excessive force is used
by one of said officers in his presence that an official charge against
said employee (officer) is made to the Sheriff of Blount County and
the Captain of the Blount County Detention Center. He is also, and
further, responsible for carrying out his duties consistent with his
training and in treating others with dignity and humane respect. As
a part of his training and as a part of his official capacity as a
jailer at the Blount County Detention Center, whenever a crime is
committed in his presence, including, but not limited thereto, a
physical assault upon another person by a jailer assigned to the Blount
County Detention Center, he is legally responsible for arresting said
jailer and making a formal charge against him. He is being sued herein
in his individual and official capacities. He maintains an office
at 950 E. Lamar Alexander Parkway, Maryville, Tennessee 37804.

-8-

18. Defendant, **JOSHUA SULLIVAN**, and defendant **AARON CARROLL**, are each jailers (guards) at the Blount County Detention Center located at Maryville, Tennessee. As such, as with defendant **TACKETT**, they are legally responsible for carrying out security duties at the Blount County Detention Center; they are under the direct supervision of defendant Captain **NEUBERT** and the indirect supervision of defendant Sheriff **BERRONG**. Additionally, defendants **SULLIVAN** and **CARROLL** are legally responsible that their duties be carried out consistent with and in compliance with the requirements of the Constitutions and laws of the United States and of the State of Tennessee and, they are legally responsible that their acts, in the performance of their duties, do not encroach on the protected and secured rights of those individuals confined to the blount County Detention Center to whom has has supervision over. Like defendant **TACKETT**, defendants **SULLIVAN** and **CARROLL**, are also legally responsible that the officers who work beside them within the Blount County Detention Center carry out their duties consistent with the laws and Constitutions of the United States and of the State of Tennessee, and that whenever excessive force is used by one of said officers in their presence that an official charge be made against said officer (jailer-guard) to the Sheriff of Blount County and to the Captain of the Blount County Detention Center. They are also responsible for carrying out their duties consistent with the training they received and in treating others with dignity and humane respect. Whenever a crime is committed in their presence, by a fellow jailer, defendants **SULLIVAN** and **CARROLL** are legally responsible to arrest said jailer and to bring appropriate charges against him.

-9-

Defendants **SULLIVAN** and **CARROLL** are being sued in their individual and official capacities. They maintain an office at 940 E. Lamar Alexander Parkway, Maryville, Tennessee 37804.

19. Defendant Sheriff **BERRONG** and Captain **NEUBERT** also had a legal duty and responsible, under the laws of the United States and the State of Tennessee, to bring charges against any jailer who commits a crime against an inmate of the Blount County Detention Center while pretending to be acting within the scope of his employment and, when said defendants fail to do so, they become liable to the offended person for damages sustained by them as a result of said jailers behavior.

20. All of the defendants named herein-above, took an oath of office, prior to carrying out any duties or tasks at the Blount County Detention Center, that they would carry out the duties and responsibilities assigned to them consistent with and in accord with the Constitutions and laws of the United States and of the State of Tennessee.

21. Defendants, **DAVID BALLAD, JR., TONYA BURCHFIELD, GARY FARMER, RON FRENCH, DAVID GRAHAM, STEVE HARGIS, BRAD HARRISON, MARK HASTY, SCOTT HELTON, JOHN KEEBLE, GERALD KIRBY, HOLDEN LAIL, MIKE LEWIS, JOE McCULLEY, KENNETH MELTON, MONIKA MURRELL, BOB PROFITT, ROBERT L. RAMSEY, WENDY PITTS REEVES, STEVE SAMPLES** and **MIKE WALKER**, are duly elected Commissioners of Blount County, Tennessee. As such, the defendants are legally responsible for overseeing the government of Blount County, Tennessee, including, but not limited thereto, the acts and/or omissions of the Sheriff of Blount County and those individuals assigned by him

-10-

as duputy sheriffs, jailers, and other officers employed by him. Where abuses of treatment of prisoners confined to the Blount County Detention Center are alleged, the Commission defendants are legally responsible for undertaking an investigation into such abuses and to bring the matter to the attention of the Sheriff and the Blount County Grand Jury. They are being sued in the individual and official capacities.

### III.  JURISDICTION AND VENUE

22.  Jurisdiction is conferred on this Court pursuant to **28 U.S.C. §§1331** and **1343(a)(3)**, as it is a civil action instituted pursuant to **42 U.S.C. §1983**, better known as the **Civil Rights Act of 1964**.

23.  Venue is proper under **28 U.S.C. §1391(b)** because all of the defendants, at all times perrtinent to this complaint either resided within or was employed within Blount County, Tennessee, which is within the Eastern District of Tennessee and the jurisdiction of this Court. All acts and/or omissions, alleged throughout the complaint, occurred in the Eastern District of Tennessee.

### IV.  ADMINISTRATIVE REMEDIES

24.  To the extent that administrative remedies must be exhausted, Plaintiff would show that he filed a grievance at the Blount County Detention Center following the incidents in issue and according to the the rules, regulations and/or policies of the Blount County Detention Center. Thus, Plaintiff has exhausted all available administrative remedies.

### V.  FACTUAL ALLEGATIONS

25.  At all times pertinent to this complaint, defendant BERRONG

-11-

was the Sheriff of Blount County, Tennessee.

26. At all times pertinent to this complaint, defendant NEUBERT, SHUDAN, TACKETT, SULLIVAN and CARROLL, were employees (jailers, guards, officers) of the Blount County Sheriff's Department and were assigned to the Blount County Detention Center as jailers/guards/officers therein.

27. At all times pertinent to this complaint, defendant BALLARD, BURCHFIELD, FAMER, FRENCH, GRAHAM, HARGIS, HARRISON, HASTY, HELTON, KEEBLE, KIRBY, LAIL, LEWIS, McCULLEY, PROFITT, RAMSEY, REEVES, SAMPLES, and MIKE WALKER, were members of the Blount County Commission.

28. At all times pertinent to this complaint, each of the named defendants owed, as a result of their official capacities, some duty to the citizens of Blount County, of the State of Tennessee, and of the United States, that ties their official capacities to the operation, management, and administration of the Blount County Detention Center.

29. At all times pertinent to this complaint, defendants NEUBERT, TACKETT, SULLIVAN and CARROLL, had a duty to arrest any and all individuals observed by them to have engaged in a violation of the criminal laws of the State of Tennessee.

30. At all times pertinent to this complaint, the defendants, and each of them, took an oath of office to uphold and defend the Constitutions of the United States of America and of the State of Tennessee.

31. At all times pertinent to this complaint, Plaintiff was an inmate confined at the Blount County Detention Center at Maryville, Tennessee. He was in custody at the Blount County Detention Center, as a federal prisoner, awaiting transfer to the custody of the Federal Bureau of Prisons.

-12-

32. At all times pertinent to this complaint, Plaintiff did not provoke any person to use excessive force against him for any purpose or on any pretense whatsoever.

33. At all times pertinent to this complaint, defendant BERRONG, Sheriff of Blount County, Tennessee, was responsible for supervising both directly and indirectly, the operation, management, and administration of the Blount County Detention Center.

34. At all times pertinent to this complaint, Plaintiff has a right to be treated with dignity and humane respect and not to be subjected to the use of excessive force, assault (physical and verbal) nor to be subject to pain and suffering or cruel and unusual punishment by individuals acting under color of State of law or on pretense thereof.

35. At all times pertinent to this complaint, Plaintiff was a victim of an assault committed against his person by a person in the employment of the Sheriff of Blount County, Tennessee.

36. At all times pertinent to this complaint, defendants BERRONG, NEUBERT, TACKETT, SULLIVAN and CARROLL, were aware of the assault perpetrated against the Plaintiff by an employee of the Blount County Sheriff's Department (Detention Center jailer/guard/officer) and each engaged in activities to ignore same, or to cover up said assault, or to allow said assault to go without acknowledgement so as to harbor said employee from liability under the law.

37. At all times pertinent to this complaint, the Sheriff of Blount County, Tennessee, defendant BERRONG, was under contract with the United States Marshal Service, to house federal prisoners at the

-13-

Blount County Detention Center and to insure that said prisoners would be treated according to law and the dictates of the **Constitutions** of the United States and of the State of Tennessee.

38. At all times pertinent to this complaint, the Sheriff of Blount County, Tennessee, defendant **BERRONG**, was under contract with the United States Marshal Service, to house federal prisoners at the Blount County Detention Center and, to insure that said prisoners would not be subjected to abusive treatment, to assaults by employees at the Blount County Detention Center, nor to any form of cruel and unusual treatment or treatment that might be deemed unfair, inhumane, and without dignity.

39. At all times pertinent to this complaint, where it is alleged that Plaintiff was assaulted by an employee of the Blount County Detention Center, the employee (**defendant SHUDAN**) acted with malice, intent, and callous disregard for Plaintiff's rights, and did carry out said assault maliciously and capriciously and with the intent of causing Plaintiff to suffer physical and mental pain.

40. At all times pertinent to this complaint, the Plaintiff did, at the hands of employees of the Blount County Detention Center, suffer severe mental and physical injuries, disfigurement, and pain.

41. At all times pertinent to this complaint, Tennessee law, and federal law, prohibited the act of assault upon another person and carried a penal sanction sufficient to compensate for the injury caused thereby; a civil remedy for assault is also provided for under both state and federal law.

42. At all times pertinent to this complaint, it was a crime,

-14-

under under both state and federal law, to carry out an assault
against the person of another and every citizen, having knowledge
of said assault, had a duty and responsibility to report same to the
appropriate authorities so that corrective action might be taken
against the perpetrator.

43. At all times pertinent to this complaint, it was a violation
of Tennessee state law, for an employee of a State, County, or local
agency and/or department, to use said office for the purpose of
carrying on activities of a criminal nature on pretense of authorization
given under the law.

44. At all times pertinent to this complaint, Plaintiff suffered
humiliation and emotional distress as a consequence of being assaulted
by an employee of the Blount County Detention Center, as a consequence
of the fact that said employee was not arrested and charged with the
offense, as a consequence of the fact that said employee was allowed,
after the assault to continue assaulting Plaintiff verbally, and by
virtue of the employees use of excessive force.

45. The physical force used against the Plaintiff by defendant
SHUDAN, and sanctioned by the other defendants named herein either
by directly or indirectly ignoring the fact of the assault or by
covering up same with false reports or other measures, was clearly
excessive in light of the circumstances existing at the time of the
assault and defendant SHUDAN used said excessive force with the intent
of inflicting unnecssary harm and injury upon the Plaintiff; said
assault and excessive use of force by defendant SHUDAN, caused the
Plaintiff to suffer physical and mental injuries.

-15-

46. At all times pertinent to this complaint, defendant BERRONG, and all County Commission defendants named herein, failed to properly oversee the operations, management and administration of the Blount County Detention Center and, by such negligence, failed to supervise said facility so that assaults, like that perpetrated against the Plaintiff, could be carried out against prisoners confined therein.

47. At all times pertinent to this complaint, defendants knew, or should have known, that the operations, management and administration of the Blount County Detention Center was so negligent that it was probable, given the phyche of certain jailers working therein — defendant SHUDAN in particular, that inmates were in danger of being assaulted by staff for any or no reason whatsoever.

48. At all times pertinent to this complaint, it was clear, as a matter of law, that detention officers could not physically assault, or use excessive force, against an inmate and particularly so where the inmate did not prooke any such force or assault.

49. The use of hands and feet, in a particular manner, such as in the use of knees to the head of an individual unable to defend himself, is intended to cause serious injury or death.

50. Inmates confined to state, county, local and federal detention centers are protected from the excessive use of physical force and/or assault, by the **Eighth Amendment** to the Constitution of the United States of America.

VI. FACTUAL STATEMENTS

51. In January 2007, Plaintiff, WILLIAM JOSEPH MOYERS, JR., was a federal prisoner in the temporary custody of the Blount County

-16-

Sheriff, defendant JAMES L. BERRONG, at the Blount County Detention Center located at Maryville, Tennessee.

52. Plaintiff was housed in a two man cell, designed for two inmates, equipped with a bunk (two beds) and a toilet.

53. The cell that Plaintiff was assigned to was not designed for three inmates and that number of inmates would create a dangerous and volitile atmosphere that runs afoul of the good order of the Blount County Detention Center.

54. On or about January 31, 2007, three officers of the Blount County Detention Center (jailers/guards) came to the Plaintiff's cell, which he shared with a state inmate named Wayne Cook, and told Plaintiff that a third inmate was being assigned to the cell.

55. At the time of the officers' approach to the Plaintiff's cell about placing a third inmate in the cell, there was a sufficient number of cells available throughout the Blount County Detention Center for the housing of inmates so that triple celling was not a necessary action.

56. When Plaintiff was told of the planned cell arrangements, he complained that it was necessary to overcrowd the cell as there were other cells available where the third inmate could be housed.

57. One of the guards called for Cpl. THOMAS SHUDAN.

58. When defendant SHUDAN arrived he entered the Plaintiff's cell aggressively and began cussing: "What the fuck is the problem," he ask.

59. When Plaintiff attempted to explain that there was other cells available so that it was not necessary to pack them in like

-17-

sardines, defendant SHUDAN started sizing the Plaintiff up and, in
a beligerent tone of voice, asked the Plaintiff how many stripes he
had and by answering himself saying that he didn't see any stripes only
a piece of shit inmate who doesn't run anything at the Blount County
Detention Center.

60. Defendant SHUDAN then shouted at the Plaintiff, "don't
try and tell me what to do or how to do my job; I run this fucking
jail."

61. Plaintiff then attempted to ask defendant SHUDAN if he would
call the Marshal Service because he was a federal inmate and was cloaked
with certain rights that the Marshal Service would try and respect.

62. Defendant SHUDAN responded by informing the Plaintiff that
he didn't work for the Marshal Service and didn't give a damn about
what the FEDS may or may not want him to do.

63. Plaintiff then informed defendant SHUDAN that he would rather
be housed in the isolation unit as to be stacked in a two man cell
three deep.

64. Defendant SHUDAN then instructed the Plaintiff to turn
around and cuff-up, meaning that he should face the wall of the cell
and allow the officer to handcuff his hands behind his back.

65. Plaintiff complied with the Defendant's order.

66. When Plaintiff was turned facing the wall, defendant SHUDAN
assaulted him from behind slamming his face into the concrete wall of
the cell.

67. Plaintiff did not resist the defendant's force but moved
one of his hands to the wall so that he could support himself and keep

-18-

his face from being smashed into the wall.

68. After both cuffs were applied and both of Plaintiff's hands were secured by the cuffs, behind his back, defendant SHUDAN tackled the plaintiff and took him to the ground; after taking Plaintiff to the ground SHUDAN started jumping up and down on his back and the back of the head; SHUDAN started throwing knees to the side of the Plaintiff's head.

69. One of the officers present, an officer Sam, tried to stop SHUDAN'S assault.

70. At all times during the assault defendant SHUDAN kept yelling at the Plaintiff: "I'll show you what I think about the FEDS."

71. Defendant SHUDAN kicked Plaintiff in the head at least six or seven times in a matter of a minute or less and kept slamming the Plaintiff's face into the concrete floor; Plaintiff was bleeding profusely, and had several abrasions and deep cuts to his face and head; he was hurting and was knocked unconscious on one occasion — probably the result of trauma to the head and a concussion caused by the blows he suffered to the head.

72. Officer Sam (actual name unknown) tried several times to have defendant SHUDAN stop beating the Plaintiff; his efforts went unheard and to no avail until SHUDAN got too tired to go on.

73. After a few minutes, Plaintiff was lifted to his feet by Officer Sam; defendant SHUDAN ran up behind the Plaintiff and punched him in the back of the head; he (SHUDAN) started yelling at plaintiff, cursing him and calling him a piece of shit federal prisoner with rights; as a Corporal, SHUDAN enjoyed some supervisory

-19-

status and, in exercising same, ordered the officer (Sam) to take me the slab — a location wher inmates are placed on a concrete clab and cuffed in a position known as four corners.

74. A nurse, who had been called because Plaintiff was bleeding so bad, intervened and directed the officers to take Plaintiff to the medical center at the Detention Center.

75. The nurse stated that Plaintiff needed stitches to the gash over his eye and possible to the wounds on his head.

76. Defendant SHUDAN became beligerent to the nurse and stated that Plaintiff didn't need any medical attention what he needed was to be held on the slab for awhile.

77. The nurse would have none of it and ordered the officers to take the Plaintiff to the medical center at the jail.

78. Throughout the incident, officers observed defendant SHUDAN'S behavior and Captain NEUBERT was contacted; defendant NEUBERT was advised of the situation, of the Plaintiff's injuries, and of the actions of defendant SHUDAN and made no effort whatsoever to attend the location of the incident or to otherwise intervene and prevent Plaintiff from being injured.

79. On information and belief, defendant SHUDAN has exhibited similar assaultive behavior toward inmates in the past to which the defendants BERRONG and NEUBERT were aware of but did nothing to take steps to prevent him from exhibiting the same behavior toward others, as with the Plaintiff in the instant case.

80. After the Plaintiff was taken to medical and was being attended to by the nurse, SHUDAN came into the area again yelling

-20-

obscenities and making demeaning gestures and comments.

81. Following SHUDAN's entry into the nurses station and his continued assault upon the Plaintiff, a Lieutenant entered the clinic/ medical area; the Lieutenant instructed SHUDAN to leave the area and, thereafter, uncuffed the Plaintiff.

82. After Plaintiff was uncuffed there was no incident and the Lieutenant exited the medical area and entered the hallway where Cpl. SHUDAN was hanging out; a discussion between the Lieutenant and SHUDAN took place and SHUDAN was overheard to say "nobody questions my authority or my decisions in this jail," to which the Lieutenant responded by informing SHUDAN that he (the Lieutenant) had known the Plaintiff for a long time and had never had a problem out of him; SHUDAN was then dismissed and instructed to go complete his report of the incident.

83. Medical staff informed the Plaintiff that he had suffered a concussion, abrasions to the head and face (see Exhibits A thru H, attached hereto), and stitches (6) had to be drawn to a gash over the Plaintiff's eye.

84. Plaintiff was kept in medical overnight for observation.

85. Sometime in the night, in the medical observation area, two Corporals at the Blount County Detention Center entered the observation area and told the Plaintiff if he was not careful he could find himself hung before the federal people could move him to a BOP facility; this was intended to instill fear into the Plaintiff and it worked, the Plaintiff was terrified that SHUDAN and some of his cronies at the Blount County Detention Center might enter his cell late in the night

-21-

and hang the Plaintiff; Cpl. SHUDAN was amongst the group lodging threats toward the Plaintiff.

86. At approximately 2:00 A.M., on the early morning of February 1, 2007, defendant SHUDAN entered the medical observation area and pit his hands to his throat gesturing to the Plaintiff that he was going to hang the Plaintiff; again, Plaintiff was terrified and made to fear for his safety.

87. At approximately 9:00 A.M., on the morning of February 1, 2007, Plaintiff was taken from the medical observation area and returned to his assigned cell; he was taken to isolation and he was not written up for any disciplinary infraction.

88. Plaintiff placed a phone call to his attorney and informed him of what had transpired the previous evening and, he called his mother to inform her of his situation and to have her contact the United States Marshal Service.

89. Plaintiff lodged a complaint with defendant NEUBERT.

90. Throughout the day of February 1, 2007, the Plaintiff was not seen by medical staff and he was not taken for x-rays.

91. Cpl. SHUDAN came back on shift in the evening and throughout his tenure the Plainiff was subjected to verbal abuses and threats; he was even told by SHUDAN that the lodging of the complaint against him had guaranteed that Plaintiff and his family was no longer safe.

92. Although Plaintiff lodged a formal complaint against the defendant SHUDAN, to the Plaintiff's knowledge there has been no formal or informal investigation into the incidents of January 31, 2007.

-22-

93. On or about March 25, 2007, the Plaintiff sent a letter to the defendant Sheriff BERRONG, with copies to defendant NEUBERT, asking that formal charges be lodged against the defendant SHUDAN; Plaintiff has received no response from the defendants.

94. At no time during the altercation on January 31, 2007, when Plaintiff was being assaulted by Cpl. SHUDAN, did defendants SULLIVAN, TACKETT, or CARROLL make an effort to prevent the assault and, at no time did either of these defendants take steps to lodge charges against their fellow officer for the assault he perpetrated in their presence.

95. On information and belief each of the defendant County Commission members, and the Sheriff of Blount County, have each been informed, on several occasions, to the assaultive behavior of jailers working in the Blount County Detention Center and, they have been alerted to the fact that there are no rules, procedures, or other means of quelling these activities in place at the Blount County Detention Center.

96. On no occasion, to the Plaintiff's knowledge and belief, have the defendant County Commission members and the Sheriff of Blount County, taken any appropriate or workable steps to prevent inmate abuses that are carried out by jailers working at the Detention Center, and no formal charges have been lodged to the Grand Jury for Blount County seeking to indict any officer working at the jail for assault perpetrated upon an inmate;

97. No measures are in place to prevent defendant SHUDAN from working at the Detention Center although he has exhibited the type of

-23-

behavior that warrants his removal from employment at the Center.

98. Defendant BERRONG, NEUBERT, and the defendant County
Commission members, have all failed to oversee the Blount County
Detention Center so as to prevent the employment of assaultive
behavior types such as Cpl. SHUDAN, and, by virtue of their hands off
approach have left the Center to the control and management of miscreants
such as SHUDAN who have a history of assaultive and abusive behavior;
they are responsible for the assault perpetrated on the Plaintiff by
Cpl. SHUDAN, and for the injuries sustained by the Plaintiff while
confined at the Blount County Detention Center; they are responsible
for failing to oversee the Detention Center and for allowing the
assault perpetrated against the Plaintiff to go uncorrected.

99. At all times pertinent to this complaint, Plaintiff was in
fear for his life and in fear of serious bodily injury.

100. At all times pertinent to this complaint, Plaintiff was
forced to endure unnecessary and unwarranted pain, both physical and
mental, and he suffered disfigurement as a result of the defendant
SHUDAN's assault upon his person.

VII. CLAIMS FOR RELIEF

101. First Claim for Relief: The acts and/or omissions alleged
in this complaint are such that, at the hands of the defendant SHUDAN,
Plaintiff was made to suffer the rigors of cruel and unusual punish-
ment in violation of the Eighth Amendment to the Constitution of the
United States of America, for which he sustained physical and mental
injuries, including, but not limited thereto, disfigurement and
depletion of right brain stimulation functions, blurred vision, and

-24-

post traumatic stress disorder.

102. As a direct and proximate result of defendant SHUDAN's acts and/or omissions, as alleged throughout this complaint, Plaintiff suffered humiliation, pain, stress, distress, trauma, fear, and debasement.

103. Plaintiff equates the following damages to the acts and/or omissions of defendant SHUDAN:

      a) $1,000,000.00 in compensatory damages;
      b) $1,000,000.00 in exemplary damages; and
      c) $1,000,000.00 in punitive damages.

104. <u>Second Claim for Relief</u>: The acts and/or omissions of the defendants SULLIVAN, TACKETT, CARROLL, NEUBERT and BERRONG, in failing to act to prevent the assault if defendant SHUDAN upon the person of the Plaintiff, whether the result of an indirect or direct response to said assault, subjected Plaintiff to measures of cruel and unusual punishment, excessive force, and fear and suffering, in violation of the <u>Eighth Amendment</u> to the <u>Constitution of the United States of America</u>.

105. Plaintiff equates the following damages to the acts and/or omissions of defendants SULLIVAN, TACKETT, CARROLL, NEUBERT and BERRONG:

      a) $1,000,000.00 in compensatory damages;
      b) $1,000,000.00 in exemplary damages; and
      c) $1,000,000.00 in punitive damages.

106. <u>Third Claim for Relief</u>: Defendant SHUDAN's assault upon the person of the Plaintiff, both physical and mental, and his utilization of his authority to carry out said assault and threats against the person of the Plaintiff, constitute acts of cruel and unusual punishment, excessive force, and criminal trespass in violation of the

-25-

Eighth and Fourteenth Amendments to the Constitution of he United States of America.

107. Plaintiff equates the following damages to the acts and/or omissions of defendant SHUDAN:

      a) $1,000,000.00 in compensatory damages;
      b) $1,000,000.00 in exemplary damages; and
      c) $1,000,000.00 in punitive damages.

108. Fourth Claim for Relief: Defendant SHUDAN's assault upon the person of the Plaintiff was a violation of Tennessee state law, in particular T.C.A. § 39-13-102, 39-17-309 and 39-14-405, and in violation of the Constitution of the State of Tennessee.

109. Plaintiff equates the following damages to the acts and/or omissions of defendant SHUDAN:

      a) $1,000,000.00 in compensatory damages;
      b) $1,000,000.00 in exemplary damages; and
      c) $1,000,000.00 in punitive damages.

110. Fifth Claim for Relief: Defendant County Commission members, in conjunction with the Sheriff of Blount County, Tennessee, and the acts and/or omissions alleged against them herein, caused Plaintiff to be subjected to cruel and unusual punishment and the use of excessive force while detained at the Blount County Detention Center, by Corporal SHUDAN, all of which violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

111. Plaintiff equates the following damages to defendants' acts and/or omissions:

      a) $1,000,000.00 in compensatory damages;
      b) $1,000,000.00 in exemplary damages; and
      c) $1,000,000.00 in punitive damages.

-26-

112. Sixth Claim for Relief: Although medical staff at the Blount County Detention Center said that Plaintiff needed to have x-rays performed to determine the extent of his inuries and to determine if he had a concussion, the Sheriff of Blount County and his Captain, defendants BERRONG and NEUBERT, refused to take Plaintiff to an outside hospital facility where said tests could be performed and left the Plaintiff to suffer the concussion without treatment for more than a month.

113. Defendants acts and/or omissions resulted in the deprivation of medical treatment to the Plaintiff in violation of the **Eighth** and **Fourteenth Amendemnts** to the **Constitution of the United States of America**.

114. Plaintiff equates the following damages to defendants' acts and/or omissions:

      a)  $1,000,000.00 in compensatory damages;
      b)  $1,000,000.00 in exemplary damages; and
      c)  $1,000,000.00 in punitive damages.

115. Seventh Claim for Relief: Defendant BERRONG's, and NEUBERT's refusal to lodge formal charges against defendant SHUDAN for aggravated assault against the Plaintiff, violates Plaintiff's rights to equal protection of the laws, to freedom from crueal and unusual punishment, and to a lack of process, in violation of the **Eighth** and **Fourteenth Amendment** to the **Constitution of the United States of America**.

116. Plaintiff equates the following damages to defendants' acts and/or omissions:

      a)  $1,000,000.00 in compensatory damages;
      b)  $1,000,000.00 in exemplary damages; and
      c)  $1,000,000.00 in punitive damages.

WHEREFORE, Plaintiff seeks $7,000,000.00 in compensatory damages,

-27-

$7,000,000.00 in exemplary damages, and $7,000,000.00 in punitive damages against the defendants and each of them, together with a declaration that the acts and/or omissions committed against the Plaintiff or that were not performed to prevent an injury to the Plaintiff was violative of Plaintiff's constitutionally secured rights. Plaintiff also seeks injunctive relief sufficient to prevent the repeat of the acts and/or omissions complained about throughout the complaint. Plaintiff also seeks such other and further relief as the court deems just and proper under the circumstances. $\frac{1}{}$

Dated this  12  day of  December , 2007.

Respectfully submitted,

WILLIAM JOSEPH MOYERS, JR.
BOP Reg. No. 31567-074
Unit - Delta A
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184-0550

Plaintiff Pro Se Sui Juris

---

1/ For purposes of this complaint, Plaintiff incorporates herein each and everything contained in his original complaint and by this reference makes same a part hereof as though same was rewritten here verbatim.

-28-

WILLIAM JOSEPH MOYERS, JR., BOP )
Reg. No. 31567-074, )

Plaintiff, )

vs. )

JAMES L. BERRONG, Sheriff, Blount )
County, Tennessee, in his individ-)
ual and official capacities; DAN )
NEUBERT, JR., Captain, Blount )
County Detention Center, in his )
official and individual capacities;)
THOMAS SHUDAN, jailer (guard), )
Blount County Detention Center, in)
his individual and official )
capacities; SAMUEL TACKETT, jailer )
(guard), Blount County Detention )
Center, in his individual and )
official capacities; JOSHUA )
SULLIVAN, jailer (guard), Blount )
County Detention Center, in his )
individual and official capacities;)
AARON CARROLL, jailer (guard), )
Blount County Detention Center, in)
his official and individual capaci-)
ties; DAVID BALLARD, JR., TONYA )
BURCHFIELD, GARY FARMER, RON )
FRENCH, DAVID GRAHAM, STEVE HARGIS)
BRAD HARRISON, MARK HASTY, SCOTT )
HELTON, JOHN KEEBLE, GERALD KIRBY,)
HOLDEN LAIL, MIKE LEWIS, JOE Mc- )
CULLEY, KENNETH MELTON, MONIKA )
MURRELL, BOB PROFITT, ROBERT L. )
RAMSEY, WENDY PITTS REEVES, STEVE )
SAMPLES and MIKE WALKER, Blount )
County Commission, in their indi- )
vidual and official capacities as )
Blounty Commissioners, )
)
Defendants. )

DEMAND FOR A JURY TRIAL
(Rule 38, F.R.Cv.P.)

No. 3:07-CV-393
(VARLAN/GUYTON)

DEMAND FOR A JURY TRIAL

COMES NOW the Plaintiff, WILLIAM JOSEPH MOYERS, JR., and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in the above-entitled cause.

Dated this ___12___ day of ___December___, 2007.

Respectfully submitted,

_William J. Moyers Jr._
WILLIAM JOSEPH MOYERS, JR.
BOP Reg. No. 31567-074
Unit - Delta A
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184-0550

Plaintiff Pro Se Sui Juris

-2-