UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIAM JOSEPH MOYERS, JR.,

    Plaintiff,

v.                                           No.: 3:07-cv-393
                                                    (VARLAN/GUYTON)

THOMAS SHUDAN,

    Defendant.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on two motions filed by the plaintiff.

Plaintiff has filed a motion for entry of default against defendant Thomas Shudan. The record reflects that the U.S. Marshals Service attempted to serve defendant Shudan by certified mail addressed to him at the Blount County Detention Center in Maryville, Tennessee; summons was returned executed with the return receipt being signed by Bill Fancher. [Doc. 6]. Because defendant Shudan has not filed a response to the complaint, plaintiff moves for entry of default.

In response, attorney Frank Vettori has made a special appearance on behalf of defendant Shudan, in order to contest service of process and sufficiency of service of process. Mr. Vettori states that he has been hired by Blount County, Tennessee, to make the special appearance; that defendant Shudan was not properly served with process; and that Bill Fancher was not authorized to act as defendant Shudan's agent for service of process. Mr.

Vettori further states that he has not spoken with defendant Shudan; attached to the response, however, is an excerpt from Thomas Shudan's deposition in an unrelated case in which he states that he resigned from the Blount County Sheriff's Department on October 26, 2007. Summons in this case issued as to defendant Shudan on November 15, 2007, and was forwarded to the U.S. Marshals Service for service of process on that date.

It appears that Thomas Shudan was never properly served with process in this matter, and for that reason plaintiff's motion for entry of default [Doc. 16] is **DENIED**. In addition, attorney Frank Vettori is **ORDERED** to inform the court, within twenty (20) days of the entry of this Order, of the correct mailing address of Thomas Shudan in order that defendant Shudan may be properly served by the Marshals Service.

Plaintiff has also filed a motion to reinstate certain defendants to this action. Plaintiff's original complaint alleged an assault upon him by Blount County Jailer Thomas Shudan on January 31, 2007. Plaintiff then filed an amended complaint, in which he sought to add numerous defendants to the case under a general theory of respondeat superior. Because liability in a § 1983 action cannot be imposed solely upon the basis of respondeat superior, the court denied the motion to amend to add additional defendants. Plaintiff now alleges that several of the defendants were actually involved in the alleged assault.

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. §

28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

The one-year statute of limitation has expired as to those additional defendants that plaintiff now claims were involved in the alleged assault upon him on January 31, 2007. Accordingly, his motion to reinstate defendants [Doc. 17] is **DENIED**.

**E N T E R :**

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE