# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, SITTING AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM JOSEPH MOYERS, JR. | ) | |
|     Plaintiff | ) | |
| | ) | |
| Vs. | ) | 3:O7-CV-393 |
| | ) | |
| BLOUNT COUNTY DETENTION CENTER, ET AL | ) | |

## PRETRIAL NARRATIVE STATEMENT OF THOMAS SHUDAN

(a)     A brief general statement of the case, including the manner by which each defendant allegedly violated your constitutional rights; This defendant denies that he violated any of plaintiff's civil rights. Plaintiff claims that this defendant assaulted him without cause. Again, this defendant denies plaintiff's statement of facts and relies upon self-defense, actions taken in good faith, pursuant to qualified immunity and in furtherance of lawful actions.

(b)     A brief narrative written statement of the facts that will be offered by oral or documentary evidence at trial; Plaintiff was complaining about the addition of a prisoner in his cell and during the discussion, attempted to attack the jailers, including this defendant who then attempted to subdue the plaintiff and handcuff him. During the struggle, all fell to the floor and plaintiff cut his forehead above his eye on his property box which was on the floor near the struggle and/or the concrete floor. When plaintiff was finally handcuffed and under control, he was taken for first aid in the jail medical department where the cut over his eye was treated and bandaged by the nursing staff. If plaintiff had simply followed lawful orders, nothing would have happened. This defendant's actions were in self-defense, in good faith, pursuant to qualified immunity and in furtherance of lawful actions. There was no further significant connection between this defendant and plaintiff.

(c)     A list of all exhibits to be offered into evidence at the trial of the case; All exhibits itemized by plaintiff in his pretrial narrative statement; Intake sheets; classification sheets; incident report and investigative reports re Abrams Creek Camp Ground; Court records re convictions of Moyers; medical records of Moyers; & transport records re Moyers.

(d)     A list of the names and addresses of all witnesses that defendant intends to call (see attached notice); 1.Thomas Shudan; 2. Captain Daniel Neubert [Blount County Sheriff's Department]; 3. Pam Stinnett [Blount County Sheriff's Department]; 4. Samuel Tackett [Blount County Sheriff's Department]; 5. Danielle Marjolowski [BCSD]; 6. Kathy Walker [BCSD]; 7. Josh Sullivan [possibly] [BCSD]; and, 8. all witnesses identified by plaintiff.

(e) A <u>brief</u> summary of the anticipated testimony of <u>each</u> witness named in (d);

1. Thomas Shudan will testify about what happened on the date of this occurrence and what did not happen thereafter. He will testify that he attempted to handcuff plaintiff who was being uncooperative and argumentative and that plaintiff attempted to strike him and/or the other officers helping handcuff plaintiff. During the struggle, all of the individuals fell to the floor and plaintiff struck his forehead on the corner or edge of his property box and/or the concrete floor and received a relatively minor cut over his eye. When the officers were able to subdue and handcuff the plaintiff, he was taken to the jail medical facility where he was treated. Mr. Shudan had no further significant contact with plaintiff and never threatened him in any way.

2. Captain Daniel Neubert investigated and handled plaintiff's grievances and determined them to be groundless.

3. Pam Stinnett classified plaintiff and obtained information concerning plaintiff and his prior actions.

4. Samuel Tackett was one of the jailers who was involved with the handcuffing incident and will testify similar to Thomas Shudan;

5. Danielle Marjolowski is a member of the medical staff at the Blount County jail and will testify that plaintiff's claims regarding Thomas Shudan's actions in her presence are not true and that plaintiff's injuries were very minor in nature.

6. Kathy Walker is also a member of the Blount County jail staff who will also refute plaintiff's claims concerning Thomas Shudan's actions in her presence and will testify that plaintiff's injuries were minor in nature.

7. Josh Sullivan also was involved with the incident and will support Shudan's and Tackett's testimony.

8. We expect the witnesses identified by plaintiff will also refute the claims of plaintiff.

Respectfully submitted,

S/Frank Q. Vettori
Frank Q. Vettori, Attorney for Thomas Shudan

Certificate of Service

I hereby certify that on May 27, 2009, the original of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic

filing system.

                                            S/ Frank Q. Vettori
                                            Frank Q. Vettori TNBPR# 000714
                                            P.O. Box 217, Knoxville,TN
                                            865-546-7190